United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EBERWEIN, WILLIAM EBERWEIN, DEBORAH CHALEDEEANNKA ANN,<br><br>Plaintiffs.<br><br>v.<br><br>TRACEY DAVIS,<br><br>Defendant.<br>_____/ | No. C 13-02740 SI<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITHOUT LEAVE TO AMEND** |

For the reasons stated below, the Court DISMISSES plaintiffs' amended complaint without leave to amend.

On June 14, 2013, *pro se* plaintiffs Deborah Chaledeeannka Ann, Robert Eberwein, and William Eberwein (plaintiffs) filed this suit against defendant Tracey Davis (defendant). Docket No. 1. The primary portion of plaintiffs' complaint was a single handwritten page. *Id.* On July 2, 2013, this Court filed an order dismissing plaintiffs' complaint with leave to amend, because plaintiffs failed to allege any violation of the law or clearly state any factual basis for their complaint. Docket No. 4. This Court specified plaintiffs' amended complaint must describe in greater detail the actions defendant took that caused their claim and that laws under which they seek relief. *Id.* Plaintiffs were granted leave to amend the complaint by no later than July 26, 2013. *Id.* Plaintiffs neither filed an amended complaint nor requested an extension of time; accordingly, on August 1, 2013, this Court dismissed the case with prejudice. Docket No. 5.

The Court later learned the July 2 dismissal order had not been served on plaintiffs. Docket Nos. 7, 8, 10, 11. The case was reopened and the August 1 judgment was vacated. *Id*. Plaintiffs were granted leave to amend the complaint by no later than August 24, 2013, or their case would be dismissed with prejudice. Plaintiffs failed to file an amended complaint or request an extension of time, so on August 28, 2013, plaintiffs Robert Eberwein and William Eberwein were dismissed from the case for failure to prosecute. Docket No. 9. However, the documents mailed to plaintiff Chaledeeannka at the address provided on the complaint were returned as undeliverable on August 19, 2013. Docket No. 8. The Court's August 28, 2013, order reiterated plaintiff's duty to notify the Court of any change in address, pursuant to Civil Local Rule 3-11, and stated that plaintiff Chaledeeannka would be dismissed from the case and the action dismissed unless the Court received both an amended complaint and a notification of change of address before October 18, 2013. Docket No. 9. Eventually, the documents previously mailed to plaintiffs Robert Eberwein and William Eberwein were also returned as undeliverable. See Docket Nos. 12, 13, 15, 16.

On September 11, 2013, the Court received notification of plaintiff Chaledeeannka Ann's change of address, as well as a collection of documents. Given that various of the previous orders had been returned as undeliverable, the Court has construed the most recent filing from plaintiffs as an appearance by all three plaintiffs and submission of their amended complaint. Docket No. 14. Plaintiffs' submission includes at least 31 attachments of unidentifiable documents, neither organized nor compiled in any apparently purposeful manner. The documents include orders and notices from court cases filed in the Bankruptcy Court for the Southern District of New York; unidentified excerpts from case briefs; and portions of exhibits and appendices from other cases, some printed both front and back. *Id*.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide the defendant with "fair notice" of the claims against him and the grounds for relief. *Id*. at 555.

The complaints of *pro se* plaintiffs must be "liberally construed" and dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure

2

the defect." *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). The district court must provide the *pro se* plaintiff notice of the deficiencies of her complaint prior to dismissal, but a *pro se* plaintiff must still allege facts sufficient to allow the reviewing court to conclude a claim has been stated. *Ferdik v. Bonzelet*, 963 F.3d 1258, 1261 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.3d 266, 269 (9th Cir. 1982).

In its July 2 order, the Court identified the deficiencies in the complaint and provided plaintiffs specific notification of what must be included in the amended complaint.  Docket No. 4. Yet, plaintiffs' amended complaint still fails to describe the defendant's actions giving rise to their claim and that laws under which they seek relief.  Upon review of the submitted documents, the Court can ascertain neither the federal jurisdiction alleged, nor decipher the short plain statement of plaintiffs' claim.  Because the amended complaint fails to provide this information, the Court finds it should be DISMISSED, without leave to amend, for failure to state a claim upon which relief can be granted.  Plaintiffs' application to proceed in forma pauperis is GRANTED.

IT IS SO ORDERED.

Dated: September 25, 2013

SUSAN ILLSTON
United States District Judge

3